FIRST NATIONAL BANK OF MERIDIAN ET AL. *v.* COCHRAN & BOZEMAN.

1. ATTACHMENT.  *Intervention.  Practice.  Code* 1892, § 174.

   A creditor intervening, under § 174, code 1892, in an attachment against a firm, and alleging in his petition merely that plaintiff's debt is fictitious or simulated, not being due by the firm, but, if at all, by one partner, cannot object to the insufficiency of the declaration or the absence of an itemized account. The truth of the allegations of the petition is the only issue to be tried.

2. SAME.  *Intervention.  Collusion.  Evidence.  Amendment.*

   It is not error on the trial of an intervention in attachment to refuse leave to the intervenor to amend his petition so as to charge that the attach-

ment was sued out by collusion with defendants, the application being based solely on proof that plaintiffs had paid the defendants to withdraw their plea traversing the grounds of attachment, as this proof does not tend to show such collusion.

From the circuit court of Lauderdale county.
Hon. S. H. Terral, Judge.
The opinion states the facts.

*Hamm, Witherspoon & Witherspoon* and *Miller & Baskin*, for appellants.

It was error to refuse the application of the intervenors to require the plaintiffs to file a more certain declaration and a bill of particulars of their claim. The declaration as filed did not apprise them of the facts upon which they were to take issue. *Soria* v. *Bank*, 3 How. (Miss.), 46; *Pipes* v. *Norton*, 47 Miss., 61; *Railroad Co.* v. *Provine*, 61 *Ib.*, 288.

It was also error to refuse leave to intervenors to amend their petition by alleging that the attachment was collusively sued out. Plaintiffs paid the defendants $300 to withdraw the plea, but continued to seek a recovery for $600. We thus have the anomaly of a plaintiff asking judgment for a certain sum, one-half of which belongs to the defendant. The agreement for the withdrawal of the plea was made subsequent to the intervention, and after the rights of the intervenors had accrued.

We think that in any view of the case the real debt of appellant is only $300, and that the debt of $600 asserted is fictitious in part. If a settlement like this is upheld, an attaching creditor can always collude with the defendant to defeat other creditors, and divide the spoils.

*Cochran & Bozeman*, appellees, *pro sese.*

The testimony that plaintiffs paid defendants a cash consideration to withdraw their defense to the grounds of the attachment, was not relevant to the issue presented, and did not tend to prove that the debt sued for was fictitious. Plaintiffs had the undoubted right to pay defendants, in good

faith, not to contest the grounds of attachment. It was no fraud on the intervenors to do so, even after their petition to intervene was filed. It in no way interfered with or touched the issue tendered in the petition, which was whether or not the debt was fictitious. *Lowenstein* v. *Aaron*, 69 Miss., 341.

Surely, it cannot be contended that the payment of a sum to defendants to withdraw their defense tended to show that the attachment was collusively sued out. It proves exactly the converse, for the payment was made long after the bringing of the suit, and that negatives any idea that the attachment was sued out pursuant to any collusive agreement.

COOPER, J., delivered the opinion of the court.

The appellees sued out an attachment against the firm of Lichtenstein & Metzger upon a claim of $600 for services rendered by them to said defendants as attorneys at law. The appellants, creditors of the defendants, petitioned for leave to intervene, under the provisions of § 174, code 1892, which provides that "any creditor of the defendant in attachment, upon filing a petition, under oath, averring that he is a creditor, and that the grounds of attachment alleged are untrue, or that the attachment was sued out by collusion between the plaintiff and defendant, or that the debt claimed by the plaintiff is fictitious or simulated, in whole or in part, or any other fact showing fraud or collusion in suing out the attachment, may intervene and make defense; and in such case the facts stated in the petition shall be tried," etc.

By their petition the intervenors stated that "the debt claimed by said Cochran & Bozeman was not owing to them by the said Lichtenstein & Metzger, but was a debt due and owing, if at all, by the defendant, W. Lichtenstein; and so said debt or claim was, as a debt or claim against said Lichtenstein & Metzger, fictitious, as petitioners believe and state and charge, and that the partnership property of said Lichtenstein & Metzger was not liable to said writ of attachment, the said Lichtenstein & Metzger being wholly insolvent."

71 Miss.—12

Since the only fact stated by the intervenors in their petition was that the debt claimed was not due by Lichtenstein & Metzger, but was due, if at all (which fact was not denied), by the defendant, Lichtenstein; and since the statute expressly declares that the trial upon the intervention shall be of the facts stated in the petition, it would seem that a very narrow question was presented in the lower court.

Having been admitted to defend, and having selected the issue they desired to make, the intervenors at once began to take exception to the sufficiency of the plaintiffs' declaration, and to move for an itemized account of the services rendered, and took exception to the action of the court in overruling their exceptions and applications, and such action is now assigned for error.

We are unable to see in what manner these matters concerned the intervenors, in the light of the issue they had presented. They did not contest the existence of the claim asserted by the plaintiffs otherwise than to assert it to be the individual debt of Lichtenstein instead of being a firm obligation. That the sum demanded was reasonable in amount and due by Lichtenstein was not disputed, or attempted to be. The sole contention was that the firm was not bound, and therefore its property could not be subjected to the payment of the debt. We can see nothing in the evidence even tending to prove the fact stated in appellants' petition, and no other result than that reached in the lower court could be permitted to stand.

During the investigation, it was made to appear that the plaintiffs in attachment had paid to the defendants, or to their attorneys for them, $300 in cash, in consideration of the withdrawal by the defendants of their plea traversing the grounds upon which the attachment was sued out. The intervenors thereupon asked to be permitted to so amend their petition as to charge that the attachment had been sued out by collusion between the plaintiffs and defendants. The court refused to permit this to be done, and this is as-

signed for error. The action of the court in this respect was correct. The fact that the plaintiffs, after the institution of their suit, found themselves unable to maintain the truth of the averments upon which the attachment was sued out, and thereupon paid the defendants not to defend, or to withdraw their plea putting in issue the said grounds of attachment, does not suggest that it had been sued out by collusion with the defendants. On the contrary, it suggests that the defendants were thriftily making profit of their advantage over their creditors by converting into concrete cash their abstract rights of defending the suits brought against them. In fact, it appears that the intervening creditors, who themselves had sued out attachments, had also paid to these insolvent defendants $750 in money, in consideration (in part, at least) of which they had withdrawn their plea to the action of these creditors. If bargains of like character were made by these defendants with all attaching creditors, they should now be in very comfortable circumstances. They have, in any event, shown a "new way to pay old debts," and get good boot in the transaction.

*The judgment is affirmed.*